Wallace, Circuit Judge.
Infringement is alleged of the third claim of letters patent No. 220,453, granted to Wiard & Bullock October 7, 1879, for an improvement in side-hill plows. The claim reads as follows: “(3) The reversible double moldboard jointer, in combination with a reversible moldboard plow, constructed and arranged substantially as and for the purposes specified.” A reversible jointer is of no value except on a side-hill plow. Such plows contain a reversible moldboard. The invention of the claim resides in combining the double moldboard jointer, placed in the beam of the plow, and capable of being reversed when the main moldboard is shifted, with areversible main moldboard. The function of a jointer is to turn a small furrow in advance of the furrow made by the main moldboard. A reversible jointer is capable of adjustment, like the reversible main moldboard of the plow, so as to turn a furrow to the right or left hand, at the will of the operator. The expert for the defendants concedes that there is not found in any prior patent or publication exhibiting the prior state of the art a plow having a reversible jointer combined with a reversible moldboard. I have no reason to doubt that such a combination involved patentable novelty, and produced a new and useful result; nor that the limitation inserted in the claim, whereby a double moldboard is made an element, was an unnecessary one, and was required by the patent office without sufficient reasons.
I am constrained to hold, however, that the defendants have not infringed the claim in controversy, and that their plows do not have the double moldboard jointer of the claim. The file wrapper of the application for the patent shows that the patentees’ original claim was as follows: “The reversible jointer, in combination with the reversible moldboard plow, constructed and arranged substantially as and for the purposes specified,” The applicants were required by the patent office to *871 amend the claim by adding before the word “jointer” the words “double moldboard.” Accordingly they amended the claim so as to read as it now stands. Referring to the specification, the only description of the moldboard jointer is as follows:
“ This moldboard is so shaped as to present a land side in proper line on the one side, and a moldboard on the other, when turned in one direction, and the reverse when turned the other way.”
Unless the double moldboard is composed of two parts, of which one forms a land side and the other a furrow side, it is not the jointer of the patent. In none of the alleged infringing plows is there such a moldboard.
It may be true, and probably is, that a land side does not perform any important function in the moldboard of a jointer. The land side in the main moldboard of the plow bears against the land side of the furrow, and thus resists the lateral strain caused by the pressure of the earth on the furrow side; but the lateral pressure exerted on the moldboard of the jointer is insignificant, because the resistance of the land side of the main moldboard prevents lateral displacement, and holds the beam in place. Nevertheless, the patentees have seen fit, by their description of the jointer moldboard as so shaped as to present a land side in proper line on one side and a moldboard on the other, to specify it as one caparble of performing the functions incident to that form of moldboard. Having made this feature essential by their specification, it cannot be eliminated. The double moldboard jointer of the claim must be regarded as a moldboard having this feature.
The bill must be dismissed.